UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER L.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. 2:22-cv-01301-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 15, 21, 22.

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

ORDER ON PLAINTIFF'S COMPLAINT - 1

# I. PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) was denied initially and following reconsideration. *See* Administrative Record ("AR") 70, 93. Plaintiff's requested hearing was held before the ALJ on February 10, 2021. AR 35-50. On June 22, 2021, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 13-40.

On July 20, 2022, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1. On September 16, 2022, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 5. Defendant filed the sealed AR regarding this matter on December 30, 2022. Dkt. 9.

# II. BACKGROUND

Plaintiff was born in 1974 and was 37 years old on the alleged date of disability onset of January 12, 2012. AR 224. Plaintiff has a bachelor's degree. AR 43. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of migraine disorder, posttraumatic stress disorder (PTSD), depressive disorder and anxiety disorder. AR 14. However, the ALJ found Plaintiff was not disabled because she had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant cannot climb ladders, ropes and scaffolds. The claimant cannot have concentrated exposure to vibrations. The claimant cannot have exposure to hazards such as moving mechanical parts and unprotected heights. The claimant cannot have concentrated exposure to fumes, odors, dusts, gases and poor ventilation. The claimant is limited to simple, routine, repetitive tasks. The claimant is not able to perform at a production rate pace, but can perform goal oriented work. The claimant's work must not entail more than occasional interaction with supervisors and coworkers and she cannot have more than incidental interaction with the public.

AR 16-17.

### III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises a single issue: whether the ALJ properly evaluated the medical opinion of Jenna Yun, Ph.D. Dkt. 15 at 1.

For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). The Ninth Circuit recently held that the "revised social security regulations are clearly irreconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

Dr. Yun completed a psychological evaluation of Plaintiff on December 10, 2018, on behalf of the Washington State Department of Social and Health Services. *See* AR 692-705. Plaintiff was cooperative and spoke clearly, but demonstrated "impaired judgment and lack of insight into her current conditions" and exhibited poor memory and concentration. AR 696-97. Plaintiff discussed a history of physical and sexual abuse, suicidal ideation, nightmares,

1  hypervigilance, chronic paranoid delusions, and drug and alcohol abuse with recent periods of

2  sobriety notwithstanding a relapse 10 days prior to the appointment. AR 692-93.

3  　　　　Dr. Yun administered the Beck Anxiety Inventory and Personality Assessment Inventory

4  tests to gauge the effects of Plaintiff's anxiety and depression. AR 698-705. Based on these tests

5  and Plaintiff's reporting, Dr. Yun concluded that Plaintiff had severe limitations on her ability to

6  understand, remember, and persist in tasks by following detailed instructions, be aware of normal

7  hazards and take appropriate precautions, maintain appropriate behavior in a work setting,

8  complete a normal workday and work week without interruptions from psychologically based

9  symptoms, and set realistic goals and plan independently. AR 695. Dr. Yun found marked

10 limitations in four other categories, moderate limitations in three, and an overall severe level of

11 impairment. *Id.*  Lastly, she found that the limitations were primarily the result of a substance use

12 disorder and wrote that Plaintiff "had a recent relapse and has used 10 days ago." *Id.*

13 　　　　The ALJ found the opinion inconsistent with the record, adding "the fact that the

14 claimant has returned to work erodes much of Dr. Yun's opinion about her functional abilities,

15 and Dr. Yun's opinion may have been colored by the claimant's recent relapse." AR 24. This

16 was not error. No other opinion in the record assessed such severe limitations as Dr. Yun's. Jon

17 Anderson, Ph.D., and Dan Donahue, Ph.D. both found Plaintiff could perform simple

18 instructions, required little to no public contact, and could adapt to routine, low pressure work

19 settings. AR 64-66, 83-85, 110-12, 135-37. Plaintiff argues that the December 2019 opinion of

20 Andrea Shadrach, Psy.D supports Dr. Yun's conclusions. Dkt. 15 at 6-7. The Court disagrees.

21 　　　　Plaintiff successfully completed each of Dr. Shadrach's concentration exercises, and

22 stated that she reads for 45 minutes each day and watches TV for 1-2 hours each day. AR 1245-

23 46. Dr. Shadrach noted that Plaintiff was working part-time, despite needing to take some days

24

off and frequent breaks. *Id.* She "evidenced appropriate social skills throughout the interview but remained wary." *Id.* While Plaintiff still exhibited some difficulty with memory exercises, she performed better than in Dr. Yun's examination. *See* 1245. Lastly, Dr. Shadrach opined that Plaintiff could follow "moderately complex instructions" and would be able to understand and follow instructions from a supervisor but "would benefit from extra processing time and one or two directives at a time as she is easily overwhelmed and confused." AR 1246. Overall, Dr. Shadrach found the impact of these limitations to be moderate/marked. *Id.* This Court agrees with the Commissioner that "it is clear that [Dr. Shadrach] did not describe the same level of debilitating limitations assessed by Dr. Yun." Dkt. 21 at 6.

Notably, Dr. Shadrach's evaluation took place after Plaintiff was sober for over a year, whereas Dr. Yun evaluated Plaintiff ten days after she had relapsed and opined that her limitations were primarily the result of her substance use disorder. AR 695, 1243. Plaintiff does not challenge the ALJ's finding that her substance abuse disorder was in remission and thus "does not significantly limit her ability to perform basic work activities." AR 14. Although Plaintiff argues that the ALJ ignored certain facts from Dr. Shadrach's opinion which were consistent with Dr. Yun's, the Court must uphold the ALJ's rational interpretation of the evidence. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ reasonably concluded that Dr. Yun's opined limitations were inconsistent with the medical record.

### IV.     CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** to pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment for Defendant and close the case.

//

ORDER ON PLAINTIFF'S COMPLAINT - 5

Dated this 25th day of July, 2023

Grady J. Leupold
United States Magistrate Judge